UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN N KANGETHE,<br><br>    Plaintiff,<br><br>  v.<br><br>FEDEX CORP,<br><br>    Defendant. | CASE NO. C12-364 MJP<br><br>ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND DENYING MOTION TO CONTINUE |

  THIS MATTER comes before the Court on Defendant's motion for summary judgment (Dkt No. 22) and Plaintiff's Motion to Continue (Dkt. No. 23). Defendant Federal Express Corporation's motion for summary judgment noted for consideration February 22, 2013. (Dkt. No. 22.) Local Civil Rule 7(d)(3) required a response from Plaintiff John Kangethe the Monday before the noting date, February 18, 2013. Kangethe failed to respond. Instead, Kangethe filed a motion to continue the motion to dismiss on February 22, 2013. (Dkt. No. 23.) The Court has considered both motions and all related documents. The Court GRANTS the motion for summary judgment and DENIES the motion to continue.

ORDER GRANTING MOTION FOR SUMMARY
JUDGMENT AND DENYING MOTION TO
CONTINUE- 1

**Background**

John Kangethe filed this suit alleging wrongful termination in violation of public policy and breach of implied contract against Federal Express for terminating his employment without warning and without good cause. (Dkt. No. 7 at 4.) In July 2012 Federal Express moved to dismiss Kangethe's wrongful termination claim. (Dkt. No. 12.) The Court granted the motion on July 24, 2012. (Dkt. No. 16.) The only remaining claim is breach of implied contract, for which Federal Express now moves for summary judgment.

**Analysis**

A. Motion to Continue

Kangethe's only reaction to Defendant's motion to dismiss was his motion to continue. (Dkt. No. 23.) The motion seeks to continue the case in relation to the summary judgment motion. (Id.) The only reason Kangethe provides for requiring an extension of time is his need to prepare himself. (Id.) Aside from its untimely filing, this motion is insufficient to warrant an extension of time. It provides no reason for needing additional time to respond to Defendant's motion and does not indicate that, if an extension were given, a response to the motion to dismiss would be forthcoming. Additionally, based on the evidence in the record, an extension of time is highly unlikely to alter the outcome of the summary judgment motion. The motion for an extension of time is DENIED.

B. Motion for Summary Judgment

Summary judgment is warranted if no material issue of fact exists for trial. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir. 1995), cert. denied, 516 U.S. 1171 (1996). The underlying facts are viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). "Summary

judgment will not lie if . . . the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party moving for summary judgment has the burden to show initially the absence of a genuine issue concerning any material fact. Adickes v. S.H. Kress & Co., 398 U.S. 144, 159 (1970). If the moving party makes this showing, the burden shifts to the nonmoving party to establish the existence of an issue of fact regarding an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). To discharge this burden, the nonmoving party cannot rely on its pleadings, but instead must have evidence showing that there is a genuine issue for trial. Id. at 324.

In Washington, an employment contract of indefinite duration is terminable at will by either the employee or employer. Thompson v. St. Regis Paper Co., 102 Wn.2d 219, 223 (1984). However, such a contract may become terminable only for cause if (1) there is an implied agreement to that effect or (2) the employee gives consideration in addition to the contemplated service. Id. Otherwise, employment contracts of indefinite duration are terminable by the employee or employer for any reason without incurring liability. Id. at 225.

To prevail on a breach of implied contract claim in Washington, the employee must prove that (1) a statement or statements in an employee manual, handbook or similar document amounts to a promise of specific treatment in specific situations, (2) the employee justifiably relied on this promise, and (3) the promise was breached. Korslund v. Dyncorp Tri-Cities Servs., 156 Wn.2d 168, 184-185 (2005). Although these elements involve issues of fact, they may be decided as a matter of law where reasonable minds could not differ in resolving them. Id. at 185. If the written terms in the handbook or policy amount only to a general statement of company policy, the document does not create an implied contract or modify the default at-will

ORDER GRANTING MOTION FOR SUMMARY
JUDGMENT AND DENYING MOTION TO
CONTINUE- 3

1  relationship. Quedado v. Boeing Co., 168 Wn. App. 363, 368 (2012). A disclaimer in the policy
2  statement, indicating that nothing in the handbook or policy statement is intended to be part of or
3  modify the employment contract, also indicates no change was made to the at-will employment
4  relationship. Id.

5  Kangethe alleges breach of implied contract because Federal Express failed to warn him
6  prior to his termination and terminated him without cause. In his deposition, Kangethe testified
7  he received a copy of the FedEx Employee Handbook, and that he understood the provision in
8  the Handbook were not intended to imply a contract of employment. (Dkt. No. 24 at 10.) The
9  Handbook contains the provision, "Nothing in this manual shall be construed to abrogate the
10 employment agreement signed upon application for employment preserving the Company's and
11 the employee's right to terminate this relationship at the will of any party." (Id. at 12.) Kangethe
12 acknowledges he has no reason to believe this statement from the handbook is not true. (Id.)

13 Kangethe understands his employment was at will. He states, "…the job can be
14 terminated at will, yes, I do understand, but what I want to understand is if my manager came
15 and say, for instance, we are terminating because you are late and you know not you are late,
16 then you deserve some explanation." (Dkt. No. 24 at 14.) The feeling that termination was unjust
17 is not enough to establish breach of an implied employment contract. Where the employment
18 was at will, Federal Express was not required to provide Kangethe with notice or an explanation
19 for his termination. The motion for summary judgment is GRANTED

20 **Conclusion**

21 Plaintiff Kangethe cannot establish a claim for breach of implied employment contract.
22 Summary judgment on this claim is GRANTED in favor of Federal Express. Kangethe has not
23
24

1 | shown an extension of time would cure the defects in his claim, and his motion for a continuation
2 | is DENIED. This order disposes of all remaining claims in this case.
3 |
4 |     The clerk is ordered to provide copies of this order to all counsel.
5 |     Dated this 11th day of March, 2013.

                                        Marsha J. Pechman
                                        Chief United States District Judge